UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gordon A. Simmons
and Sieglinde K. Simmons

    Plaintiffs

v.                                                   Civil Case No.

Service Credit Union,

    Defendant

## NOTICE OF REMOVAL
## AND DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant SERVICE CREDIT UNION, by and through its attorneys, JACKSON LEWIS P.C., hereby removes this action from the Superior Court of the State of New Hampshire, Rockingham County, to the United States District Court for the District of New Hampshire.  In support of this Notice of Removal, Defendant states as follows:

1.      By Petition for Declaratory Judgment and Complaint ("Complaint") dated March 20, 2017 and filed on March 22, 2017 in the Rockingham County Superior Court, Plaintiffs Gordon A. Simmons and Sieglinde K. Simmons instituted a claim against Defendant, Docket No. 218-2017-CV-00306.

2.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings, documents, and orders which have been served upon Defendant are attached hereto as Exhibit 1.  Certified copies of the same will be forwarded upon receipt of same from the Rockingham County Superior Court.

3.      Pursuant to 28 U.S.C. § 1446(a), this notice of removal is timely filed within thirty (30) days of March 28, 2017, the date on which counsel for Defendant received the

Complaint, Summons and a request to accept and waive service from Plaintiffs' counsel by U.S. mail.

4. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the state court.

5. Removal is proper under 28 U.S.C. §1441(a) because the United States District Court for the District of New Hampshire has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that Plaintiffs have alleged causes of action arising under federal law, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

6. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee "welfare benefit plan" or an employee "pension benefit plan." 29 U.S.C. §1002(3). A plan is a welfare benefit plan if it "was <u>established or is maintained</u> for the purpose of providing for its participants or their beneficiaries, <u>through the purchase of insurance</u> or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

7. "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law

complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (citation and internal quotation marks omitted).

8. In their Complaint, Plaintiffs assert Defendant breached the terms of its February 28, 2014 Employment Agreement and November 24, 2015 Addendum thereto with Defendant Gordon Simmons, pursuant to which Plaintiffs allege Defendant was obligated to provide both Plaintiffs with lifetime medical, vision, and dental insurance coverage under the Service Credit Union Group Medical and Prescription Drug Plan and Amendment #10 thereto (collectively the "SCU Plan").

9. ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). Moreover, the "carefully integrated civil enforcement provisions" of § 502 of ERISA are "intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987) (internal quotations omitted). Accordingly, the United States Supreme Court has instructed that **all** state law claims related to benefits under the terms of an ERISA plan **must** be recharacterized as claims under § 502(a) of ERISA, and that such claims give rise to removal jurisdiction. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (preemptive force of ERISA operates to convert ordinary state law claims into federal claims); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 676-79 (3d Cir. 2000) (complete preemption does not depend on type of relief requested in the complaint), cert. denied, 531 U.S. 927 (2000).

10. Notwithstanding Plaintiffs' characterization of their claims in the Complaint, Plaintiffs' claims arise under ERISA. In their Complaint, Plaintiffs alleges that they are entitled to full lifetime medical benefits under the SCU Plan, which is subject to ERISA. 29 U.S.C. § 1002.

11. Accordingly, it is plain that Plaintiffs' claims are subject to ERISA and that, accordingly, this matter is removable to this Court under the Court's federal question

jurisdiction.  *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005) ("The doctrine of complete preemption thus prevents plaintiffs from defeating removal by omitting to plead necessary federal questions.") (citation omitted).

12. To the extent any of Plaintiffs' claims do not relate to an employee benefit plan covered by ERISA, this Court nevertheless has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367 and 1441(c).

13. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted.

14. As this action could have been commenced in this Court, removal is proper. 28 U.S.C. §1441(a).  Furthermore, this Court may exercise supplemental jurisdiction over the Plaintiffs' state law claims. See 28 U.S.C. §1367(a).

        Respectfully Submitted,
        SERVICE CREDIT UNION,
        By its attorneys,
        JACKSON LEWIS P.C.,

Date:  April 27, 2017        By:   /s/Debra Weiss Ford
        Debra Weiss Ford, NH Bar No. 2687
        K. Joshua Scott, NH Bar No. 17479
        100 International Drive, Suite 363
        Portsmouth, NH 03801
        debra.ford@jacksonlewis.com
        603.559.2727 | Direct
        joshua.scott@jacksonlewis.com
        603.559.2711 | Direct

<u>Certificate of Service</u>

I hereby certify that the foregoing was this day served via Conventional Filing on:

| | |
|---|---|
| Maureen F. O'Neil, Clerk | Paul McEachern, Esq. |
| Rockingham County Superior Court | Shaines & McEachern, P.A. |
| P.O. Box 1258 | 282 Corporate Drive, Suite 2 |
| Kingston, NH, 03848-1258 | Portsmouth, NH 03801 |

Date:  April 27, 2017            By:    <u>/s/Debra Weiss Ford          </u>
                                        Debra Weiss Ford