# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

**EXHIBIT 1**

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us



## SUMMONS IN A CIVIL ACTION

Case Name:     **Gordon A Simmons, et al v Service Credit Union**
Case Number:   **218-2017-CV-00306**

Date Complaint Filed: March 22, 2017
A Complaint has been filed against Service Credit Union in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| May 07, 2017 | Gordon A Simmons; Sieglinde K Simmons shall have this Summons and the attached Complaint served upon Service Credit Union by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| May 28, 2017 | Gordon A Simmons; Sieglinde K Simmons shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Service Credit Union must file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Service Credit Union:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Paul McEachern, ESQ

Shaines & McEachern PA
282 Corporate Drive Suite 2
Portsmouth NH  03802-0360

BY ORDER OF THE COURT

March 23, 2017

Maureen F. O'Neil
Clerk of Court

(595)

NHJB-2678-S (10/23/2013)

# The State of New Hampshire

ROCKINGHAM, ss.

2017 MAR 22 A 10: 12

SUPERIOR COURT
Docket No. 218-2017-CV-_____

Gordon A. Simmons

and

Sieglinde K. Simmons

v.

Service Credit Union

### PETITION FOR DECLARATORY JUDGMENT AND COMPLAINT

*Now Come* Gordon A. Simmons and Sieglinde K. Simmons, the Plaintiffs in the above-captioned matter and who complain against Service Credit Union.

### NATURE OF THE ACTION

1. This Petition and Complaint concerns the Defendant's breach of its duty to provide lifetime medical coverage to Gordon Simmons and his wife, Sieglinde K. Simmons.

2. This action sounds as a Petition for Declaratory Judgment pursuant to New Hampshire R.S.A. § 491:22, and as a complaint under New Hampshire law for breach of contract.

### PARTIES

3. Plaintiff Gordon A. Simmons is a natural person with a residential address of Sebastian Kniepp Allee 5, Riegelsberg, Germany.

4. Plaintiff Sieglinde K. Simmons is a natural person with a residential address of Sebastian Kniepp Allee 5, Riegelsberg, Germany. Sieglinde Simmons brings her claims as a third party beneficiary to Gordon Simmons' employment contract and addendum with the Defendant.

5. Defendant Service Credit Union is a New Hampshire corporation organized pursuant to R.S.A. § 383-E with a principal office address at 3003 Lafayette Road, City of Portsmouth, Rockingham County, New Hampshire.

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction to hear petitions for declaratory judgment under R.S.A. § 498:22 and pursuant to its general powers under R.S.A. § 491:7.

7. This Court has personal jurisdiction over the Defendant because the Defendant conducts business and owns real estate within the State of New Hampshire.

8. Venue is proper in Rockingham County, State of New Hampshire, because the Defendant's principal office is located—and the acts and omissions giving rise to this Petition and Complaint occurred—within the county.

### ALLEGATIONS COMMON TO ALL COUNTS

9. The Plaintiffs incorporate by reference the allegations set forth above.

*Gordon Simmons' Service to the Defendant*

10. Gordon Simmons served as the Defendant's President and Chief Executive Officer for twenty-one of his forty-one years of employment with the Defendant.

11. During Mr. Simmons' tenure as the Defendant's President and CEO, the Defendant's assets grew from approximately $282 million to $2.79 billion.

*The Employment Contract and Addendum*

12. Mr. Simmons' employment agreements with the Defendant have contained a promise of lifetime medical coverage since at least November 30, 2001.

13. On February 28, 2014, Gordon Simmons and the Defendant executed the most recent employment contract titled "President and CEO Employment Agreement" (hereinafter

"employment agreement"). The employment term was February 28, 2014 through April 30, 2018. The employment agreement governed Mr. Simmons' employment as the Defendant's President and Chief Executive Officer.

14. The contract provides several fringe benefits, including lifetime medical coverage. Section 3.2 of the Employment Agreement provides in complete part:

> The Credit Union agrees to provide the President and his spouse, Sieglinde K. Simmons, medical, vision and dental insurance throughout the term of his Presidency and thereafter until the death of both, as limited herein. The Credit Union will provide and pay for the medical, vision and dental insurance with the insurance company(s) through which the Credit Union contracts to provide its employee group health plan. Should such medical, vision and dental insurance not be available to the Credit Union for the President and his spouse, Sieglinde K. Simmons, through the company providing such coverage for Credit Union employees, the Credit Union will contract with another company to provide comparable or equivalent medical, dental and vision insurance, again, paid for by the Credit Union. The cost of this medical coverage will be paid for by the Credit Union in its entirety on behalf of the President and his spouse, Sieglinde K. Simmons, and will terminate only after the death of both the President and Sieglinde K. Simmons. The Credit Union will not terminate or change this Post Retirement Medical Coverage benefit for any reason other than termination of the President's employment prior to his voluntary retirement or resignation, without the joint written consent of both the credit union and Gordon Simmons. This provision of this employment contract shall survive and be considered valid and enforceable beyond the date of this employment contract.

15. On November 25, 2015, Gordon Simmons and the Defendant executed a separate document titled "Post-Retirement Medical Coverage" (hereinafter "addendum"). The body of the addendum recites:

> The Service Credit Union agrees to provide the Gordon A. Simmons, President, and Sieglinde K. Simmons, medical, vision and dental insurance throughout the term of his Presidency and thereafter until the death of both, as limited herein. The Credit Union will provide and pay for the medical, vision and dental insurance with the insurance company(s) through which the Credit Union contracts to provide its employee group health plan. Should such medical, vision and dental insurance not be available to the Credit Union for the Gordon A. Simmons, President, and Sieglinde K. Simmons or the in-network coverage not be available where the Simmons' live, by the company providing such coverage for Credit Union employees, the Credit Union will contract with another company to provide comparable or equivalent medical, dental and vision insurance, again, paid for by the

3

Credit Union. The cost of this medical coverage will be paid for by the credit union in its entirety on behalf of the Gordon A. Simmons, President, and Sieglinde K. Simmons, and will terminate only after the death of both the Gordon A. Simmons, President, and Sieglinde K. Simmons. The Credit Union will not terminate or change this Post Retirement Medical Coverage benefit for any reason other than termination of the President's employment prior to his voluntary retirement or resignation, without the joint written consent of both the credit union and Gordon Simmons.

16. Compared to Section 3.2 of the employment agreement, the addendum omits the prefix "spouse" when referring to Sieglinde Simmons. The addendum clarifies that the Defendant promised lifetime medical coverage to Sieglinde Simmons irrespective of her marital status.

### *Gordon Simmons' Retirement and Defendant's Breach*

17. On January 27, 2016, at a special meeting of the Defendant's Board of Directors, Mr. Simmons asked the Board to accept his resignation and permit him to retire.

18. Clifford Taylor, then-Chairman of the Defendant's Board, responded "Accepted."

19. Mr. Simmons embraced or shook hands with each member of the Defendant's Board and left the building.

20. On January 28, 2016, Mr. Simmons tendered his written letter of resignation.

21. On or about July 1, 2016, the Defendant paid Mr. Simmons his bonus earnings for calendar year 2015.

22. The Defendant has refused to provide the Plaintiffs with the lifetime medical coverage. The Plaintiffs have demanded that the Defendant honor the employment agreement and addendum, but the Defendant has refused and is in continuing breach thereof.

23. In about February 2016, the Defendant issued COBRA notices to the Plaintiffs.

SHAINES & McEACHERN - PROFESSIONAL ASSOCIATION
282 CORPORATE DRIVE, SUITE 2 – PORTSMOUTH, N.H. 03801

*Damages*

24. The Defendant's breach has caused the Plaintiffs to pay out-of-pocket for COBRA health coverage and dental coverage, Medicare supplemental insurance, copays, uninsured medical expenses, dental care expenses, and medication copays and expenses. As of the date of this filing, and as a reasonably foreseeable result of the Defendant's breach, the Plaintiffs incurred expenditures of approximately $39,540.00, plus attorney's fees and costs.

25. Unless and until the Defendant performs its duties under the employment agreement and addendum, the Plaintiffs will continue to incur insurance premium expenditures and other healthcare costs. The Plaintiffs' damages continue to accrue.

26. Since the Defendant's duties run with the lives of Gordon and Sieglinde Simmons, the Defendant's continuing breach will result in future losses. Gordon and Sieglinde Simmons therefore claim their expectation damages within the jurisdictional limits of the Court.

### THE CLAIMS

### COUNT I
### DECLARATORY JUDGMENT

27. The Plaintiffs incorporate by reference the allegations set forth above.

28. An actual controversy exists regarding the contractual rights of the parties to this action.

29. The Plaintiffs maintain that the Defendant has materially breached the employment agreement and addendum and owe a continuing duty to provide lifetime medical coverage for the Plaintiffs.

30. The Defendant denies the Plaintiffs' position and claims that it is not obliged to provide the post-retirement healthcare coverage.

SHAINES & McEACHERN - PROFESSIONAL ASSOCIATION
282 CORPORATE DRIVE, SUITE 2 – PORTSMOUTH, N.H. 03801

31. Therefore, in accordance with R.S.A. § 491:22, the Plaintiffs request that this Court enter a declaratory judgment ruling as set forth in the Requested Relief, Prayer B below.

## COUNT II
### (GORDON SIMMONS' CLAIM AGAINST DEFENDANT)
### BREACH OF CONTRACT

32. The Plaintiffs incorporate by reference the allegations set forth above.

33. Gordon Simmons and the Defendant executed the employment agreement and addendum, which constitute a valid and enforceable contract.

34. The Defendant defaulted under and breached the contract by failing to provide lifetime medical coverage to the Plaintiffs.

35. The Plaintiffs suffered damages within the jurisdictional limits of this Court, as set forth more fully above.

## COUNT III
### (SIEGLINDE SIMMONS' CLAIM AGAINST DEFENDANT)
### BREACH OF CONTRACT

36. The Plaintiffs incorporate by reference the allegations set forth above.

37. The employment agreement and addendum establish Sieglinde Simmons as a third party beneficiary under New Hampshire law.

38. The employment agreement and addendum promise lifetime medical coverage for Sieglinde Simmons, even upon the death of Gordon Simmons. See supra, ¶¶ 14-15 (medical coverage "will terminate only after the death of both the President and Sieglinde K. Simmons.").

39. The addendum clarifies the Defendant's promise to provide lifetime medical coverage for Sieglinde Simmons regardless of her marital status. See supra, ¶¶ 15-16.

40. Gordon Simmons was motivated to enter the employment agreement in substantial part by the Defendant's promise to provide post-retirement medical coverage for Sieglinde

SHAINES & McEACHERN - PROFESSIONAL ASSOCIATION
282 CORPORATE DRIVE, SUITE 2 - PORTSMOUTH, N.H. 03801

Simmons. That motivation was manifested, in part, by the conspicuous, repeated reference to Sieglinde Simmons in section 3.2 of the employment agreement and the addendum.

41. The language of the employment agreement and addendum establishes Sieglinde Simmons as a direct third party beneficiary. For example, the employment agreement and addendum promise lifetime medical coverage regardless of whether Gordon Simmons is still living, and irrespective of the parties' marital status. See supra, ¶¶ 14-16.

42. The Defendant defaulted under and breached the contract by failing to provide post-retirement healthcare coverage to Sieglinde Simmons.

43. Sieglinde Simmons suffered damages within the jurisdictional limits of this Court, as set forth more fully above.

### ATTORNEY'S FEES

44. The Defendant has forced the Plaintiffs "to seek judicial assistance to secure a clearly defined and established right, which should have been freely enjoyed without such intervention[ . . . .]". Harkeem v. Adams, 117 N.H. 687, 691, 377 A.2d 617, 619 (1977).

45. By forcing the Plaintiffs to seek judicial intervention to vindicate their clearly established contractual right to lifetime medical care, the Court should award the Plaintiffs their attorney's fees and costs.

### DEMAND FOR JURY TRIAL

46. The Plaintiffs respectfully demand a jury trial on all issues so triable.

WHEREFORE, the Plaintiffs, Gordon A. Simmons and Sieglinde K. Simmons, respectfully pray that the Honorable Court:

A. Issue a Summons directing the Plaintiffs to serve the Defendant with this Petition and Complaint;

SHAINES & McEACHERN - PROFESSIONAL ASSOCIATION
282 CORPORATE DRIVE, SUITE 2 - PORTSMOUTH, N.H. 03801

B.  Issue a Declaratory Judgment, ruling that the Defendant owes a contractual duty to provide post-retirement medical coverage for Gordon A. and Sieglinde K. Simmons for the rest of their natural lives.

C.  Grant the Plaintiffs' Complaint and award the Plaintiffs their damages within the jurisdictional limits of this Court;

D.  Award the Plaintiffs their reasonable costs and legal fees; and

E.  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GORDON A. SIMMONS and
SIEGLINDE K. SIMMONS

By their attorneys,
SHAINES & McEACHERN, P. A.

Dated: March 20, 2017

Paul McEachern, Esq., Bar #1679
282 Corporate Drive, Suite 2
Portsmouth, NH 03801
(603) 436-3110
pmceachern@shaines.com

8